# NO. 12-22-00099-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALVIN LEO KISER, JR.,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Alvin Leo Kiser, Jr. appeals his convictions for unlawful possession of a firearm by a felon and theft of a firearm. In one issue, Appellant challenges the sufficiency of the evidence to support his convictions. We affirm.

## BACKGROUND

On September 17, 2021, Gerardo Costilla reported to police that a handgun had been stolen from the center console of his car while he was parked in front of a laundromat in Athens, Texas. The gun, a .45 caliber SDS Imports Model 1911, was in the center console when Costilla entered the laundromat, and when he returned to his vehicle approximately thirty to forty minutes later, the car door was partly open, and the gun was gone. The Athens Police Department investigated the theft but were unable to locate or recover Costilla's gun. Following the investigation, law enforcement arrested Appellant and he was charged by indictment with unlawful possession of a firearm by a felon and theft of a firearm. He pleaded "not guilty" to both counts, and the matter proceeded to a jury trial.

At trial, Costilla testified that he purchased the SDS Imports Model 1911 handgun, black or dark blue in color, on March 17, 2020, and last saw the gun in the center console of his car the evening of September 17, before entering the laundromat. He did not look back at his vehicle

while inside, but when he exited the building, the car's door was partly open, the interior light was on, and the gun was gone. Costilla reported the theft to police because he was concerned about later legal issues, as the gun was registered to him. Officer Joshua Blanco of the Athens Police Department testified that the serial number of the gun Costilla reported stolen indicated a black firearm with a brown grip, and that following Costilla's report, he photographed the box the gun came in, which bore an identical serial number to the missing firearm.

In addition to live testimony, the State presented surveillance video from the laundromat, which showed that at around 8:00 p.m. on September 17, Appellant parked his own vehicle in the same lot, exited his vehicle, and slightly opened the door of Costilla's car. Appellant then drove away in his own vehicle. A few minutes later, Appellant returned on foot, opened Costilla's car door more fully, removed an unidentified object from the center console, appeared to conceal the object under his shirt, and walked away, leaving the car door ajar. The surveillance video did not show anyone else accessing Costilla's car.

The State also introduced a recording of a phone call between Appellant and an unidentified woman, which occurred during Appellant's incarceration in the Henderson County jail. In the recording, the woman asks whose car Appellant broke into, and Appellant responds that he did not break in, but only opened the door. The woman asked, "Did you think you were going to be able to get away with it?" Appellant responded, "Yeah," and subsequently added, "That's where the black thing came from."

The jury found Appellant "guilty" on both counts. After a punishment hearing in which Appellant pleaded "true" to the indictment's enhancement allegations, the jury assessed punishment of forty-five years of imprisonment for felon in possession of a firearm and twenty years of imprisonment for theft of a firearm. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues that the evidence is legally insufficient to support the verdict rendered at trial and the subsequent judgment. Specifically, he challenges the sufficiency of the evidence to establish that he had possession of a firearm, a necessary element for both crimes of which he was convicted.

**Standard of Review**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781 at 2789. This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

Juries are permitted to draw multiple reasonable inferences from direct or circumstantial evidence. *Anderson v. State*, 416 S.W.3d 884, 891 (Tex. Crim. App. 2013). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances; the duty of a reviewing court is to ensure that the evidence presented supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.).

The sufficiency of the evidence is measured against the offense(s) as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Applicable Law

To establish the offense of unlawful possession of a firearm by a felon, the State must prove the defendant (1) was previously convicted of a felony offense and (2) possessed a firearm after the conviction, but before the fifth anniversary of his release from confinement. TEX. PENAL CODE ANN. § 46.04(a) (West 2021). The Texas Penal Code defines possession as "actual care, custody, control, or management." *Id*. § 1.07(39) (West 2021). If the firearm is not found on the defendant's person or seen in his exclusive possession, the State can still prove possession by offering additional, independent facts and circumstances that link the defendant to the firearm. *See Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.–Dallas 2004, no pet.). Courts have historically considered several non-exclusive factors, such as whether the firearm was in plain view, the defendant owned the place where the firearm was found, the defendant was near the firearm and had ready access to it, the defendant attempted to flee, the defendant's conduct indicated a consciousness of guilt, and the defendant made incriminating statements. *See id.* These factors are not a litmus test, but only some factors which may circumstantially establish the legal sufficiency of the evidence to prove a knowing "possession." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). No set formula of facts dictates a finding of links sufficient to support an inference of possession; the logical force of all of the evidence, rather than the number of links, supports a fact finder's verdict. *See Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.); *Evans*, 202 S.W.3d at 166.

To establish the offense of theft, the State must show that the defendant unlawfully appropriated property, without the effective consent of its owner, with the intent to permanently deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03 (West 2021). Where the property is a firearm, theft is a state jail felony. *Id.* at § 31.03(e)(4).

## Analysis

Regarding the charge of unlawful possession of a firearm by a felon, Appellant argues that the evidence is insufficient to prove he possessed a firearm. Regarding the charge of theft of a firearm, Appellant admits he unlawfully entered Costilla's vehicle[1] but argues the evidence is

---

[1] In his brief, Appellant admits that "[t]he surveillance tapes show Mr. Kiser committing burglary of vehicle [sic]."

4

insufficient to show that he took a firearm from the vehicle. For both charges, Appellant challenges the sufficiency of the evidence to show that a firearm was present in Costilla's vehicle at all.

Appellant does not dispute that he was previously convicted of a felony offense, and at trial, Michael "Buddy" Hill, an investigator for the Henderson County District Attorney's office, testified that September 17, 2021, was within five years of Appellant's release from confinement for his most recent felony conviction. Because the gun was not found on Appellant's person or in his exclusive possession, to prove that Appellant was in possession of a firearm, the State had to produce evidence showing a connection to the firearm that was more than just fortuitous. *See Evans*, 202 S.W.3d at 162; *see also Bates*, 155 S.W.3d at 216–17.

Although the surveillance footage does not clearly capture the object Appellant removed from Costilla's car, the jury may draw reasonable inferences supported by the circumstantial evidence presented. *See Anderson*, 416 S.W.3d at 888. In this case, Costilla testified that the gun was in the center console of his vehicle when he arrived at the laundromat. The surveillance video showed that while Costilla was gone, Appellant accessed the center console and removed an object, and Costilla noticed the gun missing when he left the laundromat (and reported the theft to police the same day). The record does not show, and Appellant does not argue, that any other person accessed Costilla's vehicle during Costilla's absence. Further, Appellant's statement in the recorded phone call referencing a "black thing" that he obtained from the vehicle he accessed was potentially incriminating in nature. All these factors link Appellant to the stolen firearm and could support an inference of possession. *See Bates*, 155 S.W.3d at 216–17.

Ultimately, it was within the jury's province to not only assess the weight of Costilla's testimony but to weigh *all* the testimony and the evidence. *See Milliron v. State*, No. 12-09-00443-CR, 2010 WL 4346698, at *4 (Tex. App.—Tyler Nov. 3, 2010, no pet.) (mem. op., not designated for publication) (citing *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999)). We presume that the jury found Costilla's testimony, specifically that there was a gun in the center console of his vehicle when he arrived at the laundromat, to be credible— a determination entitled to great deference from a reviewing court. *See Hooper*, 214 S.W.3d at 13; *see also Clayton*, 235 S.W.3d at 778 ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer

to that determination"). If the gun was present when Costilla entered the laundromat, and missing when Costilla returned, following Appellant's entry into the vehicle, the jury could reasonably infer that the gun was the object Appellant took from the center console. Consequently, the jury could reasonably infer Appellant's knowing possession of the gun. The jury could further reasonably infer from the evidence, including Costilla's and Blanco's testimony about the gun's color, that the "black thing" Appellant mentioned during the jail call, directly following a statement about his entry into Costilla's car, was the gun removed from Costilla's vehicle. Finally, since the gun was never recovered, the jury could reasonably infer Appellant's intent to permanently deprive Costilla of his property.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could find, beyond a reasonable doubt, that Appellant possessed a firearm on September 17, 2021, and that sufficient evidence supports the jury's verdict of "guilty" on the charge of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. 2781 at 2789. Similarly, we find that a rational jury could conclude, beyond a reasonable doubt, that Appellant appropriated a firearm from Costilla's vehicle without his consent, with the intent to permanently deprive Costilla thereof. *See* TEX. PENAL CODE ANN. § 31.03; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. 2781 at 2789. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00099-CR**

**ALVIN LEO KISER, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. CR21-0977-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*